SENTELLE, Chief Judge,
dissenting:
The majority accurately states the facts underlying this controversy, and I have no quarrel with its recitation of the general principles of law applicable to the review of arbitration decisions. However, I cannot agree that the principles, as applied to the facts in this case, lead to the majority’s result.
As the majority states, the appellant, National Postal Mail Handlers Union, and appellee, American Postal Workers’ Union (APWU), entered an agreement with the United States Postal Service in 1992 which provided: “Effective with the signing of this agreement, no new disputes will be initiated at the local level by either union challenging jurisdictional work assignments in any operations as they currently exist.” Maj op. at 439-40 (emphasis added by the court). In 2001, APWU filed two grievances underlying the present appeal concerning union jurisdiction over the scanning of foreign mail at a USPS international service center. These grievances concerned work assignments that were made before 1992 and which seem to be clearly within the compass of the language of the agreement quoted above. Indeed, both the district court and the majority of this court agree that the agreement rendered those assignments not subject to grievance and arbitration. Nonetheless, the arbitrator, relying on a theory of “continuing violations,” held that the grievances were arbitrable and ruled for APWU.
Despite the all but universal agreement that the parties had contracted in 1992 that no such grievance as this was to be filed, the district court and the majority would uphold the award because of the deferential standard of review of labor arbitration decisions. The majority relies on the numerous cases of this and the Supreme Court affording the greatest of deference to arbitrators’ decisions. For example, in Major League Baseball Players Ass’n v. Garvey, 532 U.S. 504, 532 U.S. 1015, 121 S.Ct. 1724, 149 L.Ed.2d 740 (2001), as the majority recalls, the Court held that “[c]ourts are not authorized to review the arbitrator’s decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties’ agreement.” 532 U.S. at 509, 121 S.Ct. 1724 (quoted at Maj. Op. 441). It is also true, as the majority sets forth, that our broad deference to arbitrators extends even to the question of arbitrability. See, e.g., USPS v. APWU, 553 F.3d 686, 692-93 (D.C.Cir.2009). However, broad as is our deference to arbitrators’ decisions, it is not limitless.
In assessing the limits of the deference owed an arbitrator’s decision, the Supreme Court has told us that the arbitrator’s “award is legitimate only so long as it draws its essence from the collective bargaining agreement.” United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). I submit that when an arbitrator’s *445 ruling on arbitrability is 180 degrees removed from what the majority describes as the “plain terms of the agreement” defining the breadth of the arbitrable issues between the parties, that award in no sense “draws its essence” from the agreement.
Granted, the arbitrator and the majority recite general principles of labor and arbitration law which in the absence of the clarity of the agreed exclusion might support arbitrability of the underlying grievance. However, as the Supreme Court explained in Enterprise Wheel:
[The arbitrator] may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator’s words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.
As we have previously noted, “[i]f the arbitrator has rendered a judgment based on external legal sources, wholly without regard to the terms of the parties’ contract, then the award could not be said to draw its essence from the contract.” APWU v. USPS, 789 F.2d 1, 3 (D.C.Cir.1986). As the arbitrator in the decision before us did precisely that, I would reverse the district court’s grant of summary judgment for the defendant and its denial of summary judgment to the plaintiff. It appears to me that the arbitrator based his decision entirely on his external legal theories relating to “continuing violation” without regard to the express terms of the parties’ agreement excluding grievances over pre-1992 assignments. In his award, the arbitrator himself recognized that “[t]he language [of the agreement] clearly points in the direction of limiting the filing of grievances for existing work.... ” That the arbitrator recited the agreement’s language, while rendering it utterly ineffectual, does not change the course of his illegitimate reasoning. I would therefore hold that the arbitrator’s decision fails even in light of the standard of review mandated by our precedent.
I respectfully dissent.